**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**CITY WELDING & MANUFACTURING COMPANY, Respondent.**

**No. 71-2151.**

United States Court of Appeals, Third Circuit.

Argued June 23, 1972.

Decided July 6, 1972.

William Stewart, Abigail Cooley Baskir, Peter G. Nash, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., for petitioner.

James Q. Harty, Kathleen A. Merry, Pittsburgh, Pa., Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for respondent.

Before HASTIE, JAMES ROSEN and HUNTER, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

The National Labor Relations Board has asked this court to enforce an order that the Board entered against City Welding & Manufacturing Company, an employer, pursuant to findings of numerous violations of the National Labor Relations Act, as amended.

Almost all of the wrongs with which the employer is charged were improprieties connected with its efforts to prevent the unionization of its plant. Our examination of the record satisfies us that the evidence sufficed to support the Board's findings that these wrongs occurred as charged.

The employer urges most strongly that so much of the Board's order as requires it to recognize and bargain with the union should not be enforced. It is argued that the authorization cards signed by a majority of the eligible employees were ambiguous and that employees did not understand the significance of signing the cards. Each card read as follows:

"I, the undersigned employee of (Company)

authorize the International Association of Machinists and Aerospace Workers (IAM) to act as my collective bargaining agent for wages, hours and working conditions. I agree that this card may be used either to support a demand for recognition or an NLRB election, at the discretion of the union . . ."

Like the Board, we find no ambiguity in this language. In the same connection the Board found on conflicting testimony that, contrary to the employer's contention, employees were not induced to sign cards by misrepresentation as to their purpose. The Board's findings were supported by substantial evidence.

Finally, in ordering the employer to bargain with the union the Board attempted to apply the rationale of N.L.R.B. v. Gissel Packing Co., 1969, 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547. On the facts permissibly found by the Board, the bargaining order is supported by *Gissel Packing*.

The order of the Board will be enforced in its entirety.